IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KEVIN McKENZIE
A/K/A KEITH BARRETT                                                    PLAINTIFF

       v.                  Civil No. 05-2139

LARRY NORRIS, for the
State of Arkansas, et al.                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Kevin McKenzie, a former inmate of the Arkansas Department of Correction, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Larry Norris, the Director of the Arkansas Department of Correction. McKenzie's complaint was filed in forma pauperis (IFP) subject to a later determination of whether it should be served upon the defendant.

Because the court believed it needed additional information, on November 21, 2005, plaintiff was ordered to complete, sign, and return an attached questionnaire that would be filed as an addendum to his complaint (Doc. 4). On December 13, 2005, the addendum was filed (Doc. 5).

## BACKGROUND

McKenzie alleges he is suing the defendant, for the State of Arkansas, because through defendant's actions and inactions he allowed misrepresentations, concealments, deceit, and fraudulent practices which culminated in legal malpractice. McKenzie maintains the State has engaged in unethical and improper conduct and has abused its power.

AO72A
(Rev. 8/82)

McKenzie indicates he was arrested and charged with violations of Ark. Code Ann. § 5-64-401. While detained at the Crawford County Detention Center, McKenzie indicates he was approached by a jailer who provided him the name of an attorney, Malone. McKenzie retained Malone and he brought in co-counsel, Waldman. Waldman was licensed in Tennessee. *Addendum* (Doc. 5) at ¶ 3(A). The two requested a legal fee of $15,000 which McKenzie states he paid in full.

Malone then filed a notice of appearance in *State v. McKenzie,* Case No. CR-02-412-B pending in the Crawford County Circuit Court. According to McKenzie, no verbal or written order was ever entered allowing Waldman to practice *pro hac vice* although Waldman appeared and represented McKenzie during the criminal proceedings.

Following a trial, McKenzie was convicted and the judgment of conviction was entered of record on November 6, 2002. Waldman filed a notice of appeal. On June 3, 2003, the notice of appeal was refused by the clerk of the Arkansas Court of Appeals because Waldman was not licensed to practice in Arkansas. McKenzie alleges that on June 3, 2003, Malone's Arkansas license was under suspension and Malone did not notify McKenzie of the suspension.

On June 6, 2003, the time to file the record on appeal expired without a proper record being filed or an extension of time being given. On July 3, 2003, Waldman filed a motion to withdraw. On September 4, 2003, the Arkansas Supreme Court denied the motion and ordered Waldman to file a second motion to withdraw jointly with a licensed attorney from Arkansas and to file an affidavit accepting responsibility for allowing the transcript filing time to expire.

Instead, McKenzie states Waldman filed a motion to withdraw and a motion for rule of the clerk arguing that Malone, an attorney licensed in Arkansas, had at all times also represented

-2-

AO72A
(Rev. 8/82)

McKenzie and that the record should be filed. On October 13, 2003, Waldman was again ordered to file the motion jointly with an Arkansas licensed attorney along with an affidavit accepting responsibility for the late filing. Waldman was given thirty days to file the motion and affidavit.

On November 13, 2003, Waldman filed an answer in which he stated Malone also represented McKenzie and had never been released of his duties. The answer was not filed jointly with Malone or any other Arkansas attorney and was not accompanied by an affidavit.

The Arkansas Supreme Court appointed a special master who found that Waldman had engaged in the unauthorized practice of law. McKenzie alleges the State allowed these two attorneys to practice and represent him. McKenzie maintains the failure of the State to disqualify these two attorneys resulted in his illegal conviction and false imprisonment.

According to McKenzie, Norris is "accountable for the actions of the Judge and Prosecutors only in the issue the Judge and Prosecutors is immune to Prosecution, law suit, malpractice [etc.] and so the accountability lies with the City, County, and State of [which] Mr. Norris is accountable." *Addendum* (Doc. 5) at ¶ 2. *See also Id.* at ¶ 5.

McKenzie asserts both a civil rights claim and a state law claim for the intentional infliction of emotional distress or the tort of outrage. As relief, McKenzie seeks compensatory damages in the amount of $2,500,000. He also seeks punitive damages in the amount of $2,500,000 for the tort of outrage from the State.

## **DISCUSSION**

McKenzie's complaint is subject to dismissal. "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the

AO72A
(Rev. 8/82)

conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

Private attorneys do not act under color of law and are not subject to suit under § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Malone and Waldman therefore were not acting under color of state law while representing McKenzie in his criminal proceeding. *See e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose*, 187 F.3d at 1002-1003 ("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

As McKenzie quite accurately notes, neither the prosecuting attorney nor the judges involved in deciding his case are subject to a civil suit for damages. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity)*; Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976)(prosecuting attorney entitled to absolute immunity from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."); *see also Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099,

55 L. Ed. 2d 331 (1978)("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994)("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.").

The immunity granted to prosecutors and judges cannot be avoided merely by choosing to name as a defendant an individual who has no control, or right to control, the actions of the prosecuting attorney or judge. While supervisory liability is possible under § 1983, it applies only to those who occupy a position of authority over the individual who is alleged to have committed the constitutional violation and who are responsible for training and supervision.

In *Wever v. Lincoln County, Nebraska*, 388 F.3d 601 (8th Cir. 2004), the Eighth Circuit summarized supervisory liability thusly:

> [I]t is plain that [a supervisor] cannot be held liable on a theory of *respondeat superior* for any constitutional violations committed. . . . However, this does not mean that [a supervisor], to be held liable, must have personally participated in any constitutional deprivation committed by his officers, or must have known about any violation at the time it occurred. To the extent Carmen suggests otherwise in his motion to dismiss and his brief before this court, he is in error. Rather, a supervisor may be held individually liable under § 1983 . . . if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights. The plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts. This requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.

*Id.* at 606 (citations omitted).

Norris occupied no supervisory authority over the prosecuting attorneys, the judges, or the attorneys involved in McKenzie's case. Norris was not responsible for training them or supervising them. Thus, no supervisory liability claim lies against him in his individual capacity.

-5-

McKenzie also names Larry Norris, the Director of the Arkansas Department of Correction, "for the State of Arkansas, et al." McKenzie was asked to explain what he meant by the use of the term "et al." *Addendum* at ¶ 4. He responded that "et al." is "the City and County where this Action and inaction took place." *Id.*

"Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). As noted above, Larry Norris is the Director of the Arkansas Department of Correction (ADC). The ADC is a state agency. *Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919 (2002). As a state agency, the ADC is entitle to sovereign immunity. *See e.g. Campbell v. Arkansas Department of Correction*, 155 F.3d 950, 962 (8th Cir. 1998). This immunity bars a claim for damages against the agency or Norris in his official capacity. *Id.*

## CONCLUSION

Accordingly, I recommend that McKenzie's complaint be dismissed. McKenzie's complaint is subject to dismissal on the grounds that it is frivolous, fails to state a claim, and seeks relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (in forma pauperis action may be dismissed on such grounds at any time).

**McKenzie has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. McKenzie is**

AO72A
(Rev. 8/82)

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of December 2005.

/s/ Beverly Stites Jones  
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)